*583 Order and Judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered on or about September 19, 2011, which denied Wilner’s, Gladys’s, and Palazzdo’s petitions seeking an order vacating their defaults before respondent Environmental Control Board (ECB), and granted Plan B Engineering’s petition to the extent of remanding that matter to ECB for a determination of Plan B’s application to vacate its default, unanimously modified, on the law, to grant Gladys’s, Palazzdo’s, and Plan B’s petitions to the extent of vacating the default judgments against them, and otherwise affirmed, without costs.
Section 1049-a of the New York City Charter, the enabling legislation which underlies 48 RCNY 3-82 (Rule 3-82), governing procedures for vacating defaults before ECB, requires that notices of violation (NOV) of matters overseen by ECB be “served in the same manner as is prescribed for service of process by [CPLR article 3] or [Business Corporation Law article 3]” (NY City Charter § 1049-a [d] [2] [a]). Among four enumerated exceptions to this provision are two relating to service of NOVs of City Charter or Administrative Code provisions enforced by various departments, including, as pertinent here, the New York City Departments of Buildings and Environmental Protection (see NY City Charter § 1049-a [d] [2] [a] [i]-[ii]). Such NOVs may be served by delivery to “a person employed by the respondent on or in connection with the premises where the violation occurred” (NY City Charter § 1049-a [d] [2] [a] [i]), or “by affixing such notice in a conspicuous place to the premises where the violation occurred” (NY City Charter § 1049-a [d] [2] [a] [ii]), coupled with mailing of a copy of the NOV “to the respondent at the address of such premises” (NY City Charter § 1049-a [d] [2] [b]). Even with respect to these two exceptions, however, such substituted service may not be effected unless “a reasonable attempt has been made to deliver such notice ... as provided for by [CPLR article 3] or [Business Corporation Law article 3]” (NY City Charter § 1049-a [d] [2] [b]).
CPLR article 3, in turn, establishes a regime of service upon, as pertinent here, natural persons, which permits substituted service, such as “nail and mail service,” only where service by personal delivery to either the respondent or a person of suitable age and discretion “cannot be made with due diligence” (CPLR 308 [4]). Business Corporation Law article 3 similarly requires that service of process, as a rule, be made by personal delivery to the corporation’s registered agent or to the secretary of state (see Business Corporation Law §§ 306, 307).
*584 Of the four petitioners here, the record indicates that efforts were made to personally serve only Wilner. Gladys, Palazzdo, and Plan B were all served by alternative means of affixing copies of the NOVs at the premises, coupled with service by mail, but with no prior attempt at personal service. The failure to make any effort at personal service runs afoul of the New York City Charter’s directive that a “reasonable attempt” at personal service be made prior to resort to alternative means of service (see Matter of Oparaji v City of New York, 2011 NY Slip Op 33265[U] [Sup Ct, Queens County 2011]).
We have considered petitioners’ remaining arguments, including their contention that Rule 3-82 is violative of their rights to due process, and find them unavailing. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ. [Prior Case History: 33 Misc 3d 900.]