In the Matter of ARIF BASHIR, Doing Business as BELL CONTRACTING, Respondent, v ENVIRONMENTAL CONTROL BOARD, Appellant. [979 NYS2d 358]—

As a preliminary matter, contrary to the petitioner's contention, the record reveals that he was properly served on May 7, 2011, with a notice of violation by an inspector employed by the New York City Department of Transportation (see NY City Charter § 1049-a [d] [2] [a]; Business Corporation Law § 306 [b]; *Matter of Wilner v Beddoe*, 102 AD3d 582, 583 [2013]; *see also Capital Source v AKO Med., P.C.*, 110 AD3d 1026 [2013]; *Hidalgo v Cruiser Taxi Corp.*, 101 AD3d 950, 950 [2012]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Kolonkowski v Daily News, L.P.*, 94 AD3d 704, 705 [2012]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]).

The notice of violation alleged that the petitioner violated Administrative Code of the City of NY § 19-121 (a), and scheduled an adjudicatory hearing before the New York City Environmental Control Board (hereinafter the ECB) for August 4, 2011. The petitioner failed to appear before the ECB on that date and, in a determination dated August 9, 2011, the ECB issued an order, on default, finding that the petitioner had violated the provision of the Administrative Code that was charged in the notice of violation. On October 23, 2011, the petitioner requested that the ECB vacate his default in appearing, and schedule a new adjudicatory hearing. In a determination dated October 27, 2011, the ECB denied the petitioner's request.

With regard to the timeliness of this proceeding, CPLR 217 provides, insofar as relevant here, that, "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). " 'An

administrative determination becomes final and binding' " within the meaning of CPLR 217 (1) " 'when the petitioner seeking review has been aggrieved by it' " (*Matter of Caslin v Nassau County Civ. Serv. Commn.*, 104 AD3d 684, 684 [2013], quoting *Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]; *see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]).

Here, contrary to the petitioner's contention, the ECB's determination dated October 27, 2011, denying his request to vacate his default in appearing at the adjudicatory hearing, and to schedule a new adjudicatory hearing, became final and binding upon him, and commenced the running of the limitations period set forth in CPLR 217 (1), on October 27, 2011. Thus, the four-month limitations period set forth in CPLR 217 (1) expired prior to the petitioner's commencement of this proceeding on March 26, 2012. The petitioner's subsequent requests for the vacatur of his default and to schedule a new adjudicatory hearing, which were made after the ECB's final and binding determination dated October 27, 2011, did not extend or toll the statutory period (*see Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]; *Matter of Kan v New York City Envtl. Control Bd.*, 262 AD2d 135, 135 [1999]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the ECB's motion pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the petition as time-barred by the limitations period set forth in CPLR 217. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.