*876 In a proceeding pursuant to CPLR article 78 to review certain determinations of the New York City Environmental Control Board denying the petitioner’s applications to vacate its default in appearing for hearings in connection with certain notices of violation, the New York City Environmental Control Board appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered March 18, 2013, as granted that branch of the petition which was to annul its determination dated March 1, 2012, denying the petitioner’s application to vacate the petitioner’s default in appearing for a hearing in connection with notice of violation number 34907811K, and thereupon remitted the matter to it for further proceedings on that notice of violation.
Ordered that on the Court’s own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the petitioner.
The New York City Department of Buildings (hereinafter the DOB) issued notice of violation number 34907811K, which alleged that the petitioner, First Horizon Home Loans (hereinafter Horizon)—a foreign corporation—continued the unlawful use of an apartment located on property that it owned. A hearing on the notice of violation was scheduled to be held before the New York City Environmental Control Board (hereinafter the Board). When Horizon failed to appear at the hearing, the Board found Horizon in default, and imposed a penalty in the amount of $24,000.
Some months later, Horizon submitted a request for a new hearing. Horizon contended that its default should be vacated because it had not received notice of the alleged violation, and that the method of service utilized by the DOB to serve the notice of violation was improper. In a determination dated March 1, 2012, the Board denied Horizon’s request, stating that its records showed that the DOB had properly served Horizon with the notice of violation pursuant to a method of substituted service enumerated in and authorized by the New York City Charter.
Horizon subsequently commenced this proceeding pursuant to CPLR article 78 to, among other things, review the Board’s refusal to vacate Horizon’s default in appearing at the hearing. *877 The Supreme Court, inter alia, granted that branch of the petition, concluding, in effect, that the Board’s determination was affected by an error of law, and was arbitrary and capricious. The Board appeals from that portion of the order.
The New York City Charter provides that notices of violation issued in connection with matters overseen by the Board must be “served in the same manner as is prescribed for service of process by [CPLR article 3] or [Business Corporation Law article 3]” (NY City Charter § 1049-a [d] [2] [a]; see Matter of Wilner v Beddoe, 102 AD3d 582, 583 [2013]). “Among four enumerated exceptions to this provision are two relating to service of [notices of violation] of City Charter or Administrative Code provisions enforced by various departments, including, as pertinent here, the New York City Department ] of Buildings” (Matter of Wilner v Beddoe, 102 AD3d at 583, citing NY City Charter § 1049-a [d] [2] [a] [i], [ii]).. Such notices of violation may be served by “delivering such notice to a person employed by the respondent on or in connection with the premises where the violation occurred” (NY City Charter § 1049-a [d] [2] [a] [i]), and may also be served “by affixing such notice in a conspicuous place to the premises where the violation occurred” (NY City Charter § 1049-a [d] [2] [a] [ii]), coupled with mailing of a copy of the notice of violation “to the respondent at the address of such premises” (NY City Charter § 1049-a [d] [2] [b]; see Matter of Wilner v Beddoe, 102 AD3d at 583). “Even with respect to these two exceptions, however, such substituted service may not be effected unless ‘a reasonable attempt has been made to deliver such notice ... as provided for by [CPLR article 3] or [Business Corporation Law article 3]’ ” (Matter of Wilner v Beddoe, 102 AD3d at 583, quoting NY City Charter § 1049-a [d] [2] [b]). “The failure to make any effort at personal service runs afoul of the New York City Charter’s directive that a ‘reasonable attempt’ at personal service be made prior to resort to alternative means of service” (Matter of Wilner v Beddoe, 102 AD3d at 584).
Here, Horizon demonstrated that it did not receive the notice of violation. Further, the Board failed to. adduce any evidence to show that, prior to purportedly serving the notice of violation pursuant to a method of substituted service enumerated in the New York City Charter, the DOB had made reasonable attempts to serve the notice of violation upon the petitioner as provided for by the applicable provisions of CPLR article 3 or Business Corporation Law article 3 (see NY City Charter § 1049-a [d] [2] [b]; see also CPLR 311 [a] [1]; Business Corporation Law §§ 304 [a]; 305 [a]; cf. Capital Source v AKO Med., P.C., 110 AD3d 1026, *878 1026 [2013]). Accordingly, the Supreme Court properly granted that branch of the petition which was to vacate the Board’s determination denying the petitioner’s application to vacate its default in appearing at the hearing in connection with notice violation of number 34907811K, and thereupon remitted the matter to the Board for further proceedings on that notice of violation.
Rivera, J.R, Balkin, Chambers and Miller, JJ., concur.