■ In the Matter of FRANK MESTECKY, Petitioner, v CITY OF NEW YORK et al., Respondents. [20 NYS3d 343]—

Determinations of respondent Environmental Control Board (ECB), dated September 26, 2013, January 30, 2014 and March 4, 2014, which, collectively, sustained seven notices of violation (NOVs) against petitioner, and denied petitioner's applications to vacate default judgments regarding two other NOVs, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court [Cynthia S. Kern, J.], entered June 16, 2014), dismissed, without costs.

Respondents' determinations are supported by substantial evidence, are not affected by an error of law, and are not arbitrary and capricious (*see* CPLR 7803 [3], [4]). As to each of

the nine NOVs at issue here, an inspector from respondent Department of Buildings made one attempt at personally serving the NOV at the premises where the violation occurred, before availing himself of the "affix and mail" method of service prescribed in New York City Charter § 1049-a (d) (2) (b). We find that the inspector's one attempt at personal service satisfies the "reasonable attempt" requirement set forth in section 1049-a (d) (2) (b).

The reference to CPLR article 3 in the City Charter's affix and mail provision merely prescribes the class of individuals whom respondents must try to personally serve, and does not import the "due diligence" requirement of CPLR article 3 (see *Matter of Gallo v City of New York*, 36 Misc 3d 1204[A], 2012 NY Slip Op 51188[U], *8 [Sup Ct, Queens County 2012]). This interpretation of the City Charter is supported by the statutory language as a whole, and by the legislative history showing a legislative intent to make service under section 1049-a (d) (2) of the City Charter less onerous than service under CPLR article 3 (see *id.*; see also Governor's Mem approving L 1979, ch 623, 1979 McKinney's Session Laws of NY at 1816-1817).

Petitioner's reliance on this Court's decision in *Matter of Wilner v Beddoe* (102 AD3d 582 [1st Dept 2013]) is misplaced because, in that case, the respondents made no attempt to personally serve three of the four petitioners (*id.* at 584). We also reject petitioner's reliance on case law interpreting the "reasonable application" standard set forth in RPAPL 735 (see e.g. *Eight Assoc. v Hynes*, 102 AD2d 746 [1st Dept 1984], *affd* 65 NY2d 739 [1985]). That provision serves a very different purpose, in a different context, from the City Charter provision at issue in this case.

We agree with respondents that petitioner's article 78 challenges to ECB's decisions denying his motions to vacate default judgments as to two of the NOVs at issue are time-barred under the applicable four-month statute of limitations (see CPLR 217 [1]; see also *Matter of Rocco v Kelly*, 20 AD3d 364, 365-366 [1st Dept 2005]).

We have considered petitioner's remaining arguments regarding alleged procedural defects and find them unavailing. Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.