■ In the Matter of ANGELA CARONE, Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [31 NYS3d 473]—

Determination of respondent Environmental Control Board (ECB), dated February 27, 2014, which found petitioner in violation of Administrative Code of City of NY §§ 28-210.1, 28-202.1 and 28-105.1, and imposed civil penalties totaling $49,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan B. Lobis, J.], entered Jan. 12, 2015), dismissed, without costs.

ECB's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Contrary to petitioner's statements that the subject cellar was used only as a "recreational space" by her family, and not as a separate dwelling unit where anyone ever slept, petitioner failed to refute the charge that the cellar was arranged as a fourth dwelling unit in violation of the certificate of occupancy, which provides for only two residential units. In particular, the design or arrangement of the cellar, which had a full bathroom, a kitchen with a gas stove, a dining area, and a living area with a couch and television, irrespective of its actual use, established that an illegal dwelling unit had been created (*see New York City v Major Thomas,* NY City Envtl Control Bd Appeal No. 1200222 [May

31, 2012]; *see also Matter of Aparicio v Environmental Control Bd. of City of N.Y.*, 83 AD3d 1054 [2d Dept 2011], *lv denied* 18 NY3d 805 [2012]).

As to the notices of violation at issue here, an inspector from respondent Department of Buildings made one attempt at personally serving the notices at the premises where the violation occurred, before availing himself of the "affix and mail" method of service prescribed in New York City Charter § 1049-a (d) (2) (b). The inspector's one attempt at personal service satisfies the "reasonable attempt" requirement set forth in section 1049-a (d) (2) (b) (*Matter of Mestecky v City of New York*, 133 AD3d 431, 432 [1st Dept 2015]). Although petitioner claimed that she was home on the day of service and did not hear the doorbell ring, the ALJ found the inspector's testimony to be more credible than petitioner's. The inspector testified that he rang all four doorbells at the premises, but the only response was from a woman who identified herself as a tenant who told the inspector that petitioner was not present. There is no basis to disturb these credibility findings (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Furthermore, petitioner, as trustee of the living trust in her name that holds title to the premises, is an owner of the premises and, therefore, a properly named party (*see* Administrative Code § 28-101.5). Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.