City of New York v Bay Ridge Prince, LLC (2019 NY Slip Op 00257)





City of New York v Bay Ridge Prince, LLC


2019 NY Slip Op 00257


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06478
2017-10196
 (Index No. 503152/16)

[*1]City of New York, appellant, 
v
Bay Ridge Prince, LLC, respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Max O. McCann of counsel), for appellant.
Michael P. Lagnado, New York, NY, for respondent.



DECISION & ORDER
In an action pursuant to New York City Charter § 1049-a(d)(3) to enforce two orders of the New York City Environmental Control Board, which imposed civil penalties in the sums of $61,000 and $53,000, respectively, the plaintiff appeals from (1) an amended order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), entered June 13, 2017, and (2) a judgment of the same court entered August 24, 2017. The amended order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to enforce the order imposing a civil penalty in the sum of $61,000. The judgment, insofar as appealed from, upon the amended order, is in favor of the plaintiff and against the defendant in the sum of only $53,000 and failed to award the plaintiff damages with respect to the order of the New York City Environmental Control Board imposing a separate civil penalty in the sum of $61,000.
ORDERED that the appeal from amended order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to enforce the order imposing a civil penalty in the sum of $61,000 is granted, the amended order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment in favor of the plaintiff and against the defendant in the sum of $114,000; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 18, 2014, an inspector for the New York City Department of Buildings issued a notice of violation (hereinafter the first notice of violation) alleging that the defendant was operating an unauthorized hotel on its property in violation of the Administrative Code of the City of New York. After the inspector was informed by a person at the front desk of the premises that there was no "responsible party" present to accept service, the inspector served the first notice of violation upon the defendant pursuant to New York City Charter § 1049-a(d)(2) by affixing the notice to the front door of the premises, and additional copies were later mailed to the defendant and [*2]its agent. In an order dated August 11, 2014, upon the defendant's failure to appear on the hearing date directed in the first notice of violation and to respond to additional notices mailed to the defendant, the New York City Environmental Control Board (hereinafter ECB) imposed a civil penalty in the sum of $61,000.
On April 1, 2015, the defendant was served with a second notice of violation alleging violations of the Administrative Code of the City of New York. After the defendant appeared at a hearing on this notice of violation, in an order dated October 19, 2015, the ECB imposed an additional civil penalty in the sum of $53,000.
The plaintiff, City of New York, subsequently commenced this action pursuant to New York City Charter § 1049-a(d)(3) to enforce the two orders of the ECB. In an amended order entered June 13, 2017, the Supreme Court granted that branch of the City's motion which was for summary judgment on so much of the complaint as sought to enforce the ECB order imposing the civil penalty in the sum of $53,000, but denied that branch of the City's motion which was for summary judgment on so much of the complaint as sought to enforce the ECB order imposing the civil penalty in the sum of $61,000. A judgment was entered in favor of the City and against the defendant in the sum of $53,000. The City appeals from the amended order and the judgment.
The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Contrary to the defendant's contention and the conclusion of the Supreme Court, the City established that, prior to using affix and mail service pursuant to New York City Charter § 1049-a(d)(2), it made a reasonable attempt to deliver the first notice of violation to a person in the subject premises upon whom service may be made as provided for by CPLR article 3 (see NY City Charter § 1049-a[d][2][b]; Matter of Mestecky v City of New York, 30 NY3d 239, 242-246; Matter of Carone v New York City Envtl. Control Bd., 139 AD3d 402, 403). The City otherwise established its prima facie entitlement to judgment as a matter of law on so much of the complaint as sought to enforce the ECB order imposing the civil penalty in the sum of $61,000 based on the first notice of violation (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the defendant failed to raise a triable issue of fact (see id. at 324).
We note that the City does not contend that it was inappropriate to raise the issue of proper service of the first notice of violation as a defense to this enforcement action rather than moving before the ECB to vacate the ECB order dated August 11, 2014, on that ground, and therefore we do not reach that issue.
Accordingly, the judgment must be reversed insofar as appealed from, that branch of the City's motion which was for summary judgment on so much of the complaint as sought to enforce the ECB order imposing the civil penalty in the sum of $61,000 must be granted, the amended order must be modified accordingly, and the matter must be remitted to the Supreme Court, Kings County, for the entry of an amended judgment in favor of the plaintiff and against the defendant in the sum of $114,000.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court