Matter of Ding Sheng Realty Corp. v City of New York (2020 NY Slip Op 00363)





Matter of Ding Sheng Realty Corp. v City of New York


2020 NY Slip Op 00363


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10802 101213/17

[*1] In re Ding Sheng Realty Corp., Petitioner,
v
City of New York, et al., Respondents.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Determination of respondents, dated April 20, 2017, which, after a hearing, found a violation of the Administrative Code of the City of New York for allowing transient usage of a permanent residence and imposed a fine in the amount of $53,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Nancy M. Bannon, J.], entered February 21, 2018) dismissed, without costs.
Petitioner was cited for allowing an apartment classified as a permanent residence to be converted for transient purposes (Administrative Code § 28-210.3). Service of the notice of violation was proper under New York City Charter § 1049-a(d)(2)(b). The issuing officer made a reasonable attempt at service at the premises, as required (see Matter of Mestecky v City of New York, 30 NY3d 239, 245-246 [2017], affg 133 AD3d 431 [1st Dept 2015]; City of New York v Bay Ridge Prince, LLC, 168 AD3d 808, 809-810 [2d Dept 2019]), and neither the due diligence requirements of the CPLR nor the "reasonable application" requirements of the Real Property Actions and Proceedings Law apply (Matter of Mestecky, 133 AD3d at 432). Additionally, respondents were authorized by law to take official notice that the City's mailing software automatically corrects zip codes, and that the mailing affidavit showed the notice of violation was properly mailed to petitioner at the building address (48 RCNY 6-12[e], 6-19[f][2]).
Petitioner does not contest that the unit in question was converted for other than permanent residence purposes, but argues that daily penalties should not have been assessed since it corrected the violation immediately (see Administrative Code § 28-202.1[1]). However, there is substantial evidence to support the findings that petitioner was a repeat offender and it failed to meet its burden of proof to show correction within 45 days (1 RCNY 102-01[f][1], [g][1]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Petitioner's proffer of affidavits "raised credibility issues for the Hearing Officer to resolve" (Matter of Machicote v Bezio, 87 AD3d 763, 764 [3d Dept 2011]), and there exists no basis to overturn the decision not to credit the affiants' statements (see Matter of Purdy v Kriesberg, 47 NY2d 354, 358 [1979]; Lackow v Department of Educ. (or "Board") of City of N.Y., 51 AD3d 563, 568 [1st Dept 2016]).
Under the circumstances presented, the penalty imposed is not shocking to one's sense of fairness (see Matter of Pamela Equities Corp. v Environmental Control Bd. of the City of N.Y., 171 AD3d 623, 624 [1st Dept 2019]). "The constitutional prohibitions against excessive fines in the Eighth Amendment and the New York Constitution are inapplicable to the fines imposed in this case, which were solely remedial rather than punitive" (Matter of 42/9 Residential LLC v New York City Envtl. Control Bd., 165 AD3d 541, 542 [1st Dept 2018], lv denied 33 NY3d 912 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK