Matter of Tropp v City of N.Y. Envtl. Control Bd. (2020 NY Slip Op 04952)





Matter of Tropp v City of N.Y. Envtl. Control Bd.


2020 NY Slip Op 04952


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-13471
 (Index No. 16313/14)

[*1]In the Matter of Michael J. Tropp, etc., respondent, 
v
City of New York Environmental Control Board, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Max O. McCann of counsel), for appellants.
Michael J. Tropp, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York City Environmental Control Board dated July 31, 2014, upholding a finding of an administrative law judge that the petitioner violated Administrative Code of the City of New York § 28-204.4, the New York City Environmental Control Board and the City of New York Department of Buildings appeal from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 20, 2016. The judgment granted the petition to dismiss notice of violation number 35054522Z for failure to properly serve the notice of violation upon the petitioner pursuant to New York City Charter § 1049-a(d)(2).
ORDERED that the judgment is reversed, on the law, with costs, the issues raised are deemed transferred to this Court pursuant to CPLR 7804(g), the determination is confirmed, the petition is denied, and the proceeding is dismissed.
The Department of Buildings (hereinafter the DOB) issued the petitioner a notice of violation (hereinafter the NOV) in connection with certain real property owned by him in Brooklyn. After a hearing before the New York City Environmental Control Board (hereinafter the Board), an administrative law judge (hereinafter the ALJ), inter alia, upheld the notice of violation and imposed a fine. The ALJ's determination was upheld on administrative appeal. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board. The Supreme Court granted that branch of the petition which was to dismiss the NOV for lack of proper service. The Board and the DOB appeal.
Contrary to the conclusion of the Supreme Court, the Board and the DOB established that, prior to using affix and mail service pursuant to New York City Charter § 1049-a(d)(2), the DOB inspector made a reasonable attempt to deliver the notice of violation to a person in the subject premises upon whom service may be made as provided for by CPLR article 3 (see NY City Charter § 1049-a[d][2][b]; Matter of Mestecky v City of New York, 30 NY3d 239, 242-246; Matter of Carone v New York City Envtl. Control Bd., 139 AD3d 402, 403). Although the petitioner claimed that someone was home on the day of service and would have heard the doorbell ring or a knock on the door, the ALJ did not credit the petitioner's testimony, and there is no basis to disturb these [*2]credibility findings (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444).
We also find unavailing the petitioner's argument that at the hearing on the NOV before the Board he was denied his right to confront and cross-examine the DOB inspector who issued the NOV. The record reveals that the petitioner agreed to proceed with the hearing despite the inspector's absence. Moreover, the petitioner made no request at the hearing that the inspector be called to testify or that the hearing be adjourned in order to secure the inspector's testimony (see Matter of O'Connor [Howell-Hartnett], 165 AD2d 946, 948). Finally, the petitioner's claim of bias by the ALJ is without merit.
The petitioner's remaining contentions are either unpreserved (see Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 34 NY3d 600), or without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court