Matter of Tropp v City of N.Y. Envtl. Control Bd. (2020 NY Slip Op 04951)





Matter of Tropp v City of N.Y. Envtl. Control Bd.


2020 NY Slip Op 04951


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-13470
 (Index No. 14530/14)

[*1]In the Matter of Michael J. Tropp, etc., et al., respondents, 
v
City of New York Environmental Control Board, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Max O. McCann of counsel), for appellants.
Michael J. Tropp and Arlene M. Tropp, Brooklyn, NY, respondents pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, to review determinations of the New York City Environmental Control Board, inter alia, denying the petitioners' applications to vacate their defaults in appearing for hearings in connection with certain notices of violation and to dismiss those notices of violation, the New York City Environmental Control Board and the City of New York Department of Buildings appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 20, 2016. The order, insofar as appealed from, granted those branches of the petition which were to dismiss notices of violation numbered 34796109L, 34796110Z, 34781699Z, 34796111K, and 3485048J for failure to properly serve those notices of violation upon the petitioners pursuant to New York City Charter § 1049-a(d)(2).
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were to dismiss notices of violation numbered 34796109L, 34796110Z, 34781699Z, 34796111K, and 3485048J for failure to properly serve those notices of violation upon the petitioners pursuant to New York City Charter § 1049-a(d)(2) are denied.
The petitioners are the owners of certain real property in Brooklyn improved by a single-family dwelling. The City of New York Department of Buildings (hereinafter the DOB) issued several notices of violation alleging, among other things, that the petitioners had performed work at the premises which violated various provisions of the building code and zoning ordinance. After the petitioners failed to appear for hearings before the New York City Environmental Control Board (hereinafter the Board) with respect to certain of the notices of violation, the Board found the petitioners in default and imposed penalties. The Board denied the petitioners' subsequent applications to vacate their defaults in appearing at the hearings.
Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78, in effect, to review the Board's determinations, inter alia, denying the petitioners' applications to [*2]vacate their defaults in appearing at the hearings in connection with certain of the notices of violation and to dismiss those notices of violation. In an order dated June 20, 2016, as relevant to this appeal, the Supreme Court granted those branches of the petition which were to dismiss notices of violation numbered 34796109L, 34796110Z, 34781699Z, 34796111K, and 3485048J for failure to properly serve those notices of violation upon the petitioners pursuant to New York City Charter § 1049-a(d)(2). The court determined that the notices of violation were improperly served because the building inspector did not make multiple attempts at personal service before resorting to "affix and mail" service. The DOB and the Board appeal.
The New York City Charter provides, in pertinent part, that notices of violation issued by the DOB in connection with matters overseen by the Board may be served by "delivering such notice to a person employed by the respondent on or in connection with the premises where the violation occurred" (NY City Charter § 1049-a[d][2][a][i]), and may also be served "by affixing such notice in a conspicuous place to the premises where the violation occurred" (NY City Charter § 1049-a[d][2][a][ii]), coupled with, inter alia, mailing of a copy of the notice of violation "to the respondent at the address of such premises" (NY City Charter § 1049-a[d][2][b]). However, the affix and mail procedure may be used only "where a reasonable attempt has been made to deliver such notice to a person in such premises upon whom service may be made as provided for by article three of the civil practice law and rules or article three of the business corporation law" (NY City Charter § 1049-a[d][2][b]; see Matter of Mestecky v City of New York, 30 NY3d 239, 244).
Subsequent to the Supreme Court issuing the order appealed from, the Court of Appeals, in October 2017, issued its decision in Matter of Mestecky v City of New York (30 NY3d at 246). In that case, the Court of Appeals held that "New York City Charter § 1049-a(d)(2)(b) permits use of affix and mail service after a single reasonable attempt by a DOB inspector to personally deliver the [notice of violation] at the premises" (Matter of Mestecky v City of New York, 30 NY3d at 246). Here, the Board and the DOB established that, prior to using affix and mail service pursuant to New York City Charter § 1049-a(d)(2), the DOB inspector made a single reasonable attempt to deliver the notices of violation to a person in the subject premises upon whom service may be made as provided for by CPLR article 3 (see NY City Charter § 1049-a[d][2][b]; Matter of Mestecky v City of New York, 30 NY3d at 244-246; Matter of Carone v New York City Envtl. Control Bd., 139 AD3d 402, 403).
Accordingly, the Supreme Court should have denied those branches of the petition which were to dismiss notices of violation numbered 34796109L, 34796110Z, 34781699Z, 34796111K, and 3485048J for failure to properly serve those notices of violation upon the petitioners pursuant to New York City Charter § 1049-a(d)(2).
The parties' remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court